IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| M.S., by and through his next friend, ANGELIQUE S., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:24-cv-26 |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

## I.    INTRODUCTION

1.    This is a civil action brought pursuant to 20 U.S.C. § 1415(i) to appeal and to obtain a reversal of an erroneous decision (the "Decision," attached as Exhibit A) by a hearing officer in an administrative proceeding.  This action also seeks attorneys' fees for time spent in representing Plaintiff in the proceeding below and in litigating the instant Complaint.

## II.    JURISDICTION

2.    This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 794.

3.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

## III.    PARTIES

4.    Plaintiff M.S. is a nine-year-old student with disabilities who lives with his mother and next friend, Angelique S., in or around Beaumont, Texas.  He resides within the geographical area served by the Beaumont Independent School District ("BISD").

5.      Defendant BISD is a duly incorporated Independent School District located in Jefferson County.  BISD is the resident school district for M.S. and is responsible for providing him with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA").

## IV.     STATEMENT OF FACTS

6.      Plaintiff M.S. is a nine-year-old student[1] with disabilities who has attended school in the Beaumont Independent School District ("BISD").  He was in the second grade during the 2022-2023 school year.  BISD deems him eligible to receive special education instruction and services through the categories of Autism, Intellectual Disability, and Speech Impairment. Plaintiff has had particular struggles in reading and math.  He has a positive attitude, puts forward tremendous effort, and gets along well with teachers and peers.

7.      In a March 10, 2022, ARD meeting, the ARD Committee determined that it was necessary to modify the General Education curriculum for Plaintiff.  It was determined that Plaintiff needed a modified curriculum in every subject, including Reading, English/Language Arts, Math, Science, and Social Studies.  This need for modified curriculum was confirmed in an August 10, 2022, ARD.

8.      In a September 27, 2022, ARD meeting, BISD removed the accommodation of modifying the curriculum for Plaintiff.  Although the ARD documentation only indicates without explanation that "[a]ccommodations [were] reviewed, revised/deleted, and accepted," school district witnesses confirmed that this decision was made because BISD took the position that the curriculum could not be modified in a General Education setting.  The General Education teacher

---

[1] Plaintiff was eight at the time of the administrative due process hearing.

indicated that the curriculum could only be modified in a special education setting and confirmed

that the ARD Committee essentially made its decision on that basis.

The same September 27, 2022, ARD documentation explained that:

> Although [Plaintiff] is in the 2nd grade, he performs academically at a kindergarten level in reading and in math based on benchmarking data.  Although he benefits socially from being in mainstream classes, his class work in reading and math needs to be modified.

Nevertheless, despite this recognition that Plaintiff was not performing at the same level as his

typically developing peers and that he needed modification of his class work, BISD refused to do

such modifications.  The ARD Committee in no way indicated that Plaintiff no longer needed a

modified curriculum or that a modified curriculum would no longer be appropriate for him.

Rather, as discussed above, it indicated simply that the curriculum could not be modified.

Consequently, although the ARD Committee in Plaintiff's  March 2022 ARD meeting had

prescribed a modified curriculum, the ARD Committee in September 2022 simply dropped this

requirement as something BISD simply did not do.

9.    Plaintiff's General Education teacher during the 2022-2023 school year expressly

admitted that she did not modify the curriculum for Plaintiff.  For example, even where Plaintiff

did tests in the special education classroom, he would do the same tests.  He did the very same

assignments as well.

10.    Plaintiff did not succeed with the unmodified curriculum.  For example, he scored

a zero on one unmodified assessment where he simply circled both potential answers for each

question.  He scored a 33 on an unmodified science assignment which called for the students to

distinguish between solids, liquids, and gases.  He scored a 10 on a history assignment

concerning the civil war.  It was the same assignment that was given to Plaintiff's typically

developing peers, although the General Education teacher did not believe Plaintiff had any idea

who the historical individuals were who were the subject of the assignment.

11.     On October 17, 2022, Plaintiff's advocate sent an email to the General Education teacher specifically expressing concerns about the fact that BISD was assigning Plaintiff grades based on an unmodified curriculum, when the ARD Committee in March 2022 had indicated that he needed modified curriculum.  Plaintiff's mother repeatedly expressed similar concerns. Nevertheless, the expressions of concern by Plaintiff's advocate and his mother over the course of the fall semester did not lead to any change in BISD's approach.

12.     Plaintiff's grades were based on the same assignments and unmodified curriculum that were presented to his typically developing peers.  Although the Special Education teacher worked with Plaintiff on IEP goals and the like, these did not figure into his grades.  Thus, although Plaintiff consistently made progress on almost every single IEP goal throughout the 2022-2023 school year, that consistent progress was not reflected in his grades.

13.     In April 2023, the ARD Committee recommended a change of placement for Plaintiff into the more restrictive Academics for Life classroom.  The General Education teacher indicated that the placement recommendation was based on testing and the need for a modified curriculum that would allow Plaintiff to move at a slower pace.  The ARD Committee did not appropriately consider the fact that BISD should already have been providing Plaintiff a modified curriculum in the General Education classroom and that he otherwise did not meet the criteria which would have made a more restrictive placement appropriate.

14.     During the sequence of ARD meetings culminating in the April 2023 ARD, Plaintiff's mother repeatedly advised BISD of the inappropriateness of a more restrictive placement for Plaintiff.  Plaintiff's mother also repeatedly advised the ARD Committee that she could not continue the ARD meeting after the passage of two hours due to processing issues and health considerations.  The school-based members of the ARD Committee dismissed these

concerns, mocking the concerns of Plaintiff's mother in a disparaging and dismissive account in the March 2023 deliberations, and repeatedly insisted on continuing the ARD meeting with or without her.

15.    Ignoring the concerns of Plaintiff's mother, BISD continued to insist on placing Plaintiff in the more restrictive Academics for Life classroom.  Thus, Plaintiff's mother had no alternative but to file an administrative due process complaint under the Individuals with Disabilities Education Act.

16.    Plaintiff's mother filed an administrative due process complaint on Plaintiff's behalf pursuant to the Individuals with Disabilities Education Act to challenge BISD's actions and omissions recounted above and its resultant failure to provide her son a Free Appropriate Public Education.

17.    After a hearing on September 13-14, 2023, the administrative hearing officer assigned by the Texas Education Agency to preside over the matter erroneously denied Plaintiff the relief he sought.  *See* Decision, attached as Exhibit A.

18.    As the decision of the administrative hearing officer was erroneous, Plaintiff files this appeal.

**FIRST CAUSE OF ACTION (IDEA)**

19. Plaintiff incorporates by reference paragraphs 1-18 of this Complaint.

20. The administrative hearing officer erred in denying Plaintiff the relief he requested.

21. Plaintiff hereby appeals the decision of the administrative hearing officer pursuant to 20 U.S.C. § 1415(i).

22. Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the relief sought by Plaintiff in the underlying administrative proceeding, including continued instruction and services in the General Education classroom.

23. Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to reasonable attorneys' fees if he prevails in the current litigation.

24.    BISD has threatened to remove Plaintiff from the General Education classroom despite having been advised of the pendency of this appeal and despite the fact that it is enjoined from changing Plaintiff's placement during the pendency of this litigation, pursuant to 20 U.S.C. § 1415(j).  Plaintiff thus has no choice but to seek judicial intervention now to prevent BISD from violating this statutory provision.

**PRAYER**

Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the remedies sought in Plaintiff's underlying administrative due process complaint and listed in the Hearing Officer's Decision attached as Exhibit A, including, but not limited to, continued instruction and services in the General Education classroom.  In addition, Plaintiff requests the following:

- Continued imposition of the injunctive relief automatically provided on behalf of Plaintiff pursuant to 20 U.S.C. § 1415(j); and

- Payment for Plaintiff's reasonable and necessary attorneys' fees and costs of the suit.

DATED: January 22, 2024                    Respectfully Submitted,

                    ____/s/ Mark Whitburn_____

Mark Whitburn
State Bar No. 24042144
Sean Pevsner
State Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com